UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE RAUL OCASIO,

     Plaintiff,

     v.

UNIVERSITY OF PUERTO RICO,

     Defendant.

Civil No. 13-1908 (PG)

### OPINION AND ORDER

Jose Ocasio filed suit against the University of Puerto Rico, alleging that it violated federal law when it failed to accommodate his disability. The University moves to dismiss. We grant the motion.

### I.
### Background

Ocasio, who is blind, served as the director of the Oficina de Asuntos para Personas con Impedimentos (OAPI), an administrative office serving the needs of disabled individuals affiliated with the University of Puerto Rico. In early 2012, Ocasio requested that his supervisors accommodate his disability by appointing a secretary to assist him in the completion of his duties. Ocasio maintains that his request, which he ultimately submitted in writing, went unanswered. On December 12, 2013, Ocasio filed this suit against the University, alleging violations of Titles I and II of the Americans with Disability Act. (Docket No. 1.) The University moved to dismiss. (Docket No. 7.) We grant the motion.

## II.
## Legal Standard

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff.  Marrero-Rodriguez v. Municipality of San Juan, 677 F.3d 497, 500 (1st Cir. 2012) (citation omitted).

## III.
## Discussion

The University argues that Ocasio has failed to demonstrate exhaustion of administrative remedies for his Title I ADA claims. (Docket No. 7t 6.)  We agree.

The ADA prohibits discrimination against an otherwise qualified individual based on disability.  42 U.S.C. § 12112(a); Farris v. Shinseki, 660 F.3d 557, 562 (1st Cir. 2011).  Claims of employment discrimination arising under Title I of the ADA are subject to the same remedies and procedures as those under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII).  Under Title VII, an employee must exhaust his administrative remedies before initiating a complaint of discrimination in federal court by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits.  See 42 U.S.C. § 2000e-16(c); see also Bonilla v. Muebles J.J. Alvarez, 194 F. 3d 275, 278 (1999).  The same is true for claims under the ADA.  42 U.S.C. §

12117(a); <u>see</u> <u>Roman-Martinez v. Runyon</u>, 100 F.3d 213, 216 (1st
Cir.1996).  A claimant's unexcused failure to exhaust administrative
remedies effectively bars the courthouse door.  <u>Aly v. Mohegan</u>
<u>Council, Boy Scouts of America</u>, 711 F.3d 34, 41 (1st Cir. 2013).

     Ocasio has failed to demonstrate that he exhausted the
administrative remedies available to him before filing this suit.  He
offers no indication that he filed a charge with the EEOC or any other
appropriate Commonwealth agency.  Neither has Ocasio argued any
special circumstances, such as equitable tolling, that would exempt
him from filing with the EEOC or an appropriate Commonwealth agency.
Accordingly, Ocasio's claims under Title I of the ADA must be
dismissed.

     Next, the University argues that Ocasio's claims under Title II
of the ADA fail because Title II does not cover claims of
discrimination occurring within the employment context.  We agree.

     While the First Circuit has yet to expressly rule on this matter,
<u>see</u>, e.g., <u>Carmona-Rivera v. Puerto Rico</u>, 464 F.3d 14, 17 (1st Cir.
2006), we have previously held that claims for employment
discrimination under the ADA fall exclusively within Title I.
<u>Sánchez-Arroyo v. Department of Education</u>, 842 F. Supp. 2d 416, 432-
433 (D.P.R. 2012) ("Title II's provision that no qualified individual
shall, by reason of disability, be excluded from the services,
programs, or activities of a public entity applies only to the
"outputs" of a public agency, not to "inputs" such as employment").
We see no reason to disturb the logic of our previous ruling.  As
such, Ocasio's claims under Title II of the ADA must be dismissed.

Finally, because the applicable time period for filing claims before the administrative forums seems to have elapsed, we conclude that Ocasio's claims should be dismissed with prejudice.

Under Title I and II of the ADA, a plaintiff must file an employment-discrimination charge with the EEOC within 300 days of the alleged discrimination. Thornton v. United Parcel Service, 587 F.3d 27, 31 (1st Cir. 2009). Here, Ocasio first raised the need for a workplace accommodation in early 2012. Ocasio has yet to file any charge with the EEOC—nearly two and a half years later. As such, we dismiss this complaint with prejudice.

### IV.
### Conclusion

For the foregoing reasons, we **GRANT** the defendant's motion to dismiss (Docket No. 17), and the plaintiff's federal law claims are **DISMISSED WITH PREJUDICE.**

**IT SO ORDERED.**

In San Juan, Puerto Rico, August 15, 2014.

**S/ JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**